UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRESCENT CITY SHOW STABLES, LLC                    CIVIL ACTION

VERSUS                                              NO. 12-843

LUPO ET AL.                                         SECTION "H" (4)


ORDER & REASONS

Before the Court are a Motion to Dismiss Case by Robert Becker and Robert Lupo (Doc. 3), as well as a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Equest Farm, LLC (Doc. 7). For the reasons state below, the Motions are **GRANTED** and Plaintiff's claims are dismissed. Counsel should not appear for the previously scheduled oral argument.

BACKGROUND

Plaintiff filed its Complaint in this case on March 30, 2012, seeking declaratory and injunctive relief for alleged procedural and substantive due process violations. Specifically, Plaintiff alleges that Defendants Becker and Lupo wrongfully denied its bid to lease and operate the

equestrian facilities in City Park and wrongfully awarded the lease to Defendant Equest Farm, LLC ("Equest"). Becker and Lupo filed a Motion to Dismiss Case on April 6, 2012. (Doc. 3.) Equest filed a similar motion on April 11, 2012. (Doc. 7.) Plaintiff opposed both Motions on April 17, 2012. (Doc. 13.) Becker and Lupo filed a Reply on April 24, 2012. (Doc. 20.) For the following reasons, Plaintiff's claims are dismissed.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an

2

insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**LAW & ANALYSIS**

Plaintiff brings its claims under the due process clause of the Fourteenth Amendment. The Supreme Court has emphasized that "'the touchstone of due process is protection of the individual against arbitrary action of government." *Cty of Sacremento v. Lewis,* 523 U.S. 833, 845-56 (U.S. 1998) (quoting *Woff v. McDonnell,* 418 U.S. 539, 558 (U.S. 1974)). A procedural due process violation results from "a denial of procedural fairness," while a substantive due process violation arises from the arbitrary exercise of government power. *Lewis,* 523 U.S. at 846. Plaintiff's substantive due process claims are dismissed because any alleged violations were not egregious enough to qualify as conscience shocking, and Plaintiff's procedural due process claims are dismissed because Plaintiff has not established that the state does not provide an adequate pre-deprivation remedy.

*I.    Plaintiff's Substantive Due Process Claims*

"[Supreme Court] cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id.* (quoting *Collins v. Harker Heights,* 503 U.S. at 129). The purpose of the Due Process Clause was "to prevent government officials 'from abusing [their] power, or employing it as an

3

instrument of oppression.'" *Id.* (quoting *DeShaney v. Winnebago Cty Dept. of Social Servs.,* 489 U.S. at 196). Accordingly, the test that courts use in determining whether a substantive due process violation has occurred is to ask whether the alleged abuse of power "shocks the conscience." *Id.*

Here, any abuse of power that occurred does not rise to the level of conscience shocking. Even if Plaintiff arguably had a protected interest in the lease, Plaintiff cannot show that the decision to award the lease to Equest was "arbitrary in the constitutional sense." Although Plaintiff argues that the bid proposal stated that the lease would be awarded solely on the highest monthly rent offered, that statement is incomplete. In full, the bid proposal stated: "[t]he lease shall be awarded based solely on an amount in excess of the monthly minimum *provided the Bidder meets the minimum requirements contained herein.*" (Doc. 1 ¶ 25.) As a result, Plaintiff did not have a right under the bid proposal to be awarded the lease solely because its bid proposed the highest monthly rent.

Even if Plaintiff had a right to the lease under Louisiana's Public Lease Law, the denial of that right is not egregious enough to "shock the conscience." The Fifth Circuit sets an extremely high bar for conduct that "shocks the conscience," and substantive due process claims based on alleged violations far more egregious than those alleged in this case have been dismissed as failing to meet that standard. *See Marco Outdoor Advertising, Inc. v. Regional Transit Authority,* 489 F.3d 669 (5th Cir. 2007). In *Marco,* the Fifth Circuit dismissed substantive due process claims based on allegations of improper conduct in the analysis and award of a public contract, including allegations

4

that post-bid actions artificially inflated the winning bid. *Id.* Even after those post-bid changes were made, the winning bid remained well short of the plaintiff's bid. *Id.* Still, the Fifth Circuit found that the plaintiff could not prevail on a substantive due process claim because the conduct did not "shock the conscience." Even if true, the violations alleged in this case fall short of those alleged in *Marco.* Accordingly, under Fifth Circuit law, Plaintiff's substantive due process claim fails.

## II. *Plaintiff's Procedural Due Process Claims*

Any claims that Plaintiff makes for procedural due process violations fail as well. To succeed on a procedural due process claim, a plaintiff must show "that a deprivation of [a] property right occurred without due process of law." *Marco,* 48 F.3d at 672. The essential requirement of procedural due process is that a state must give an individual the opportunity for a hearing before depriving the individual of any significant property interest. *Id.* at 673. The availability of a state court injunction before the deprivation occurs is an adequate pre-deprivation remedy. *Id.* States are not required to provide an administrative remedy. *Id.* n. 5. In public bid situations, procedural due process is satisfied when a "[s]tate provides unsuccessful bidders with adequate notice and hearing." *Id.* at 674. Announcing the winner of a bid is adequate notice to losing bidders because it "[p]uts the losing bidders on notice that they will be deprived of any alleged property interest in the bid if they fail to take further action." *Id.*

For purposes of this Motion, the Court assumes that Louisiana law gives Plaintiff a property

5

interest in the lease. Plaintiff's procedural due process claim, however, still fails because Plaintiff has not shown that Louisiana does not provide an adequate pre-deprivation remedy. Plaintiff argues that no adequate remedy is available because Louisiana's Public Lease Law does not expressly authorize an unsuccessful bidder to sue for an injunction in state court. Plaintiff's own memorandum, however, establishes that Louisiana courts will consider requests for injunctions in these cases.[1] So long as Plaintiff has the opportunity to sue for injunctive relief in state court before any deprivation occurs (i.e. the lease with the successful bidder going into effect), no procedural due process violation has occurred. As Plaintiff has not shown that it could not bring its suit for an injunction in state court prior to the lease going into effect, the Court dismisses Plaintiff's procedural due process claims.

## CONCLUSION

The Motion to Dismiss Case and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) are **GRANTED**. Plaintiff does not have a substantive due process claim because the alleged violations do not "shock the conscience." Additionally, Plaintiff's procedural due process claims fail because Louisiana provides an adequate pre-deprivation remedy. Accordingly, Plaintiff's claims against all

---

[1] (*See* Doc. 13, pp. 4-5) (citing *State ex rel. Cuccia v. French Mkt Corp.,* 334 So.2d 241 (La. App. 1976); *Plantation on the Green, Inc. v. Gamble,* 441 So.2d 229 (La. App. 1983), *writ denied*, 443 So.2d 600 (La. 1983); *Kleiser, Inc. v. Airport Comm'n of Airport Dist. No. 1 of Jefferson Davis Parish,* 640 So.2d 751, 754 (La. App. 1994)).

defendants are dismissed.  Judgment shall be entered in accordance with this order.

New Orleans, Louisiana, this 1st day of May, 2012.

                                                         JANE TRICHE MILAZZO
                                     UNITED STATES DISTRICT COURT JUDGE